UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AKEEM WILLIAMS,<br>Plaintiff,<br>-against-<br>DEPARTMENT OF CORRECTIONS, et al.,<br>Defendants. | ORDER<br>1:25-CV-9107 (LTS) |
| SHANE CAMPBELL,<br>Plaintiff,<br>-against-<br>DEPARTMENT OF CORRECTIONS, et al.,<br>Defendants. | 1:25-CV-9109 (LTS) |
| ERICK CASTILLO,<br>Plaintiff,<br>-against-<br>DEPARTMENT OF CORRECTIONS, et al.,<br>Defendants. | 1:25-CV-9110 (LTS) |
| LAWSHAWN DELIMA,<br>Plaintiff,<br>-against-<br>DEPARTMENT OF CORRECTIONS, et al.,<br>Defendants. | 1:25-CV-9111 (LTS) |

| | |
|---|---|
| DENZEL GARY,<br>Plaintiff,<br>-against-<br>DEPARTMENT OF CORRECTIONS, et al.,<br>Defendants. | 1:25-CV-9114 (LTS) |
| KEITH DOUGLAS,<br>Plaintiff,<br>-against-<br>DEPARTMENT OF CORRECTIONS, et al.,<br>Defendants. | 1:25-CV-9115 (LTS) |
| ADONIS DURAN,<br>Plaintiff,<br>-against-<br>DEPARTMENT OF CORRECTIONS, et al.,<br>Defendants. | 1:25-CV-9117 (LTS) |
| AMAD EDWARDS,<br>Plaintiff,<br>-against-<br>DEPARTMENT OF CORRECTIONS, et al.,<br>Defendants. | 1:25-CV-9118 (LTS) |

| | |
|---|---|
| ISHMILL FATE,<br>Plaintiff,<br>-against-<br>DEPARTMENT OF CORRECTIONS, et al.,<br>Defendants. | 1:25-CV-9119 (LTS) |
| MICHAEL FIELDS,<br>Plaintiff,<br>-against-<br>DEPARTMENT OF CORRECTIONS, et al.,<br>Defendants. | 1:25-CV-9121 (LTS) |
| MARK GREEN,<br>Plaintiff,<br>-against-<br>DEPARTMENT OF CORRECTIONS, et al.,<br>Defendants. | 1:25-CV-9122 (LTS) |
| JORDAN HANNAH,<br>Plaintiff,<br>-against-<br>DEPARTMENT OF CORRECTIONS, et al.,<br>Defendants. | 1:25-CV-9123 (LTS) |

| | |
|---|---|
| CHARLES HERNANDEZ,<br>Plaintiff,<br>-against-<br>DEPARTMENT OF CORRECTIONS, et al.,<br>Defendants. | 1:25-CV-9124 (LTS) |
| JAMEL WILLIAMS,<br>Plaintiff,<br>-against-<br>DEPARTMENT OF CORRECTIONS, et al.,<br>Defendants. | 1:25-CV-9125 (LTS) |
| MORIYAH LEWIS,<br>Plaintiff,<br>-against-<br>DEPARTMENT OF CORRECTIONS, et al.,<br>Defendants. | 1:25-CV-9126 (LTS) |
| ANTHONY MALDONADO,<br>Plaintiff,<br>-against-<br>DEPARTMENT OF CORRECTIONS, et al.,<br>Defendants. | 1:25-CV-9127 (LTS) |

| | |
|---|---|
| SOLNE MARTINEZ,<br>Plaintiff,<br>-against-<br>DEPARTMENT OF CORRECTIONS, et al.,<br>Defendants. | 1:25-CV-9132 (LTS) |
| ELIJAH NORRIS,<br>Plaintiff,<br>-against-<br>DEPARTMENT OF CORRECTIONS, et al.,<br>Defendants. | 1:25-CV-9133 (LTS) |
| LIVINGSTON PAGUANDAS,<br>Plaintiff,<br>-against-<br>DEPARTMENT OF CORRECTIONS, et al.,<br>Defendants. | 1:25-CV-9134 (LTS) |
| STEVEN RAPHAEL,<br>Plaintiff,<br>-against-<br>DEPARTMENT OF CORRECTIONS, et al.,<br>Defendants. | 1:25-CV-9136 (LTS) |

| | |
|---|---|
| TERRENCE REED,<br>Plaintiff,<br>-against-<br>DEPARTMENT OF CORRECTIONS, et al.,<br>Defendants. | 1:25-CV-9137 (LTS) |
| IBN ROBINSON,<br>Plaintiff,<br>-against-<br>DEPARTMENT OF CORRECTIONS, et al.,<br>Defendants. | 1:25-CV-9138 (LTS) |
| QUAVEON ROSS,<br>Plaintiff,<br>-against-<br>DEPARTMENT OF CORRECTIONS, et al.,<br>Defendants. | 1:25-CV-9139 (LTS) |
| KISEAN SAMUELS,<br>Plaintiff,<br>-against-<br>DEPARTMENT OF CORRECTIONS, et al.,<br>Defendants. | 1:25-CV-9140 (LTS) |

| | |
|---|---|
| ASHAUNTE SCOTT,<br>Plaintiff,<br>-against-<br>DEPARTMENT OF CORRECTIONS, et al.,<br>Defendants. | 1:25-CV-9141 (LTS) |
| MARLY SENAT,<br>Plaintiff,<br>-against-<br>DEPARTMENT OF CORRECTIONS, et al.,<br>Defendants. | 1:25-CV-9142 (LTS) |
| LUIS ZAPATA,<br>Plaintiff,<br>-against-<br>DEPARTMENT OF CORRECTIONS, et al.,<br>Defendants. | 1:25-CV-9143 (LTS) |

LAURA TAYLOR SWAIN, Chief United States District Judge:

By Order dated October 30, 2025, the Court severed from a pending civil action known as *White v. Dep't of Corrs.*, 1:25-CV-8711 (LTS), the claims of the 27 plaintiffs named in that civil action, other than Plaintiff Robert White, and directed the Clerk of Court to open a new civil action for each of these 27 other plaintiffs. *White v. Dep't of Corrs.*, ECF 1;25-CV-8711, 6 (S.D.N.Y. Oct. 30, 2025). In that same Order, the Court directed the Clerk of Court to file a copy of the *White* complaint, as well as a copy of that Order, in each of the 27 severed civil actions opened pursuant to that Order. (*Id.*) The Court informed these 27 plaintiffs, all of whom are incarcerated and proceeding *pro se*, that, once the Clerk of Court opened the new civil actions,

the Court would direct each of them to file signed complaint signature pages and to either pay the requisite fees to bring their respective civil actions or complete, sign, and submit *in forma pauperis* ("IFP") applications and prisoner authorizations. (*Id.*) The Clerk of Court has now opened these 27 new civil actions—the caption of each action is listed above with its corresponding plaintiff and docket number.

For the reasons discussed below, within 30 days of the date of this Order, each of these 27 plaintiffs must: (1) submit a signed complaint signature page in their respective civil action; and (2) either pay the $405.00 in fees that are required to file a separate civil action in this court or complete, sign, and submit an IFP application and prisoner authorization.

**A. Signature**

None of the abovementioned 27 plaintiffs signed the complaint which commenced *White*, 1:25-CV-8711 (LTS). Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." The Supreme Court of the United States has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

Accordingly, the Court directs each of the abovementioned 27 plaintiffs to: (1) sign the attached complaint signature page with his original signature; (2) list on the complaint signature page the abovementioned docket number that corresponds to his newly opened severed civil action; and (3) submit it to the court within 30 days of the date of this Order. Each of the abovementioned 27 plaintiffs must submit their own signed complaint signature page with their corresponding docket number; one complaint signature page per plaintiff. If any of the

abovementioned 27 plaintiffs fails to comply with these instructions within the time allowed, the Court will dismiss that plaintiff's action.

**B. Fees, IFP application, and prisoner authorization**

To proceed with the civil action that a prisoner brings in this court, the prisoner must either pay $405.00 in fees—a $350.00 filing fee plus a $55.00 administrative fee—or, to request authorization to proceed IFP, that is, without prepayment of fees, submit a completed and signed IFP application and a completed and signed prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the court to collect the $350.00 filing fee in installments deducted from the prisoner's facility trust fund account. *See* § 1915(b)(1). A prisoner seeking to proceed in this court without prepayment of fees must therefore authorize the court to withdraw these payments from his facility trust fund account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[1] from the prisoner's facility trust fund account in installments and to send to the court certified copies of the prisoner's facility trust fund account statements for the past six months. *See* § 1915(a)(2), (b).

None of the abovementioned 27 plaintiffs has either paid the $405.00 fees to bring his severed civil action in this court or completed, signed, and submitted an IFP application and a prisoner authorization. Accordingly, within 30 days of the date of this Order, each of the abovementioned 27 plaintiffs must either: (1) pay the $405.00 in fees to bring his own severed civil action in this court; or (2) complete, sign, and submit the attached IFP application and prisoner authorization forms. If any of the abovementioned 27 plaintiffs submits an IFP

[1] The $55.00 administrative fee for filing a federal civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

application and prisoner authorization, both their IFP application and prisoner authorization should be labeled with the docket number that corresponds to the caption above in which their name is listed.[2] If any of the abovementioned 27 plaintiffs fails to comply with this Order within the time allowed, the Court will dismiss that plaintiff's civil action.

**CONCLUSION**

The Court directs each of the abovementioned 27 plaintiffs, within 30 days of the date of this Order, to comply with the instructions listed above with respect to his own newly opened severed civil action. If any of these plaintiffs fails to comply within the time allowed, the Court will dismiss that plaintiff's civil action.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: November 12, 2025
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

[2] The Court cautions all of the abovementioned 27 plaintiffs that, if a prisoner files a federal civil action that is dismissed as malicious, frivolous, or for failure to state a claim on which relief may be granted, that dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and must pay the fees to bring a federal civil action any time he files a new federal civil action as a prisoner.